## Case No. 6,715a.

### HOTCHKISS v. ADRIANCE.

[Betts, Scr. Bk. 269.]

District Court, S. D. New York. May 20, 1853.

LIABILITY FOR LOSS OF ANCHOR AND CABLE—
COSTS.

[1. The master of a steamer drifting in an ice field with a disabled engine, and in danger of colliding with a schooner at anchor, hailed the latter to slip her anchor cable, which she did, and both anchor and cable were lost. *Held*, that the steamer and schooner were each liable for a moiety of the loss.

[2. The steamer should be charged with costs for refusing to compensate the schooner.]

[This was a libel by Russell Hotchkiss and others, owners of the schooner Morelle, against John S. Adriance and others, owners of the steamboat William Young, for loss of the schooner's anchor and cable.]

Before BETTS, District Judge.

The steamboat William Young, in attempting to get through a field of ice, was fastened in it, and, her engine catching upon the center, she could not be worked clear of the ice. The schooner Morelle was anchored in the river above, and the ice was carried by the flood tide up the river with the steamer, and in such manner as to endanger the destination of the latter, by drifting her sidewise on the bows of the schooner. The captain of the steamer hailed the schooner to raise anchor and drift out of the way. The anchor was fast and could not be raised. He then ordered those on the schooner to slip the cable or he should be sunk. The cable was accordingly slipped, and that and the anchor were both lost.

Held, there was no fault of the steamer which compelled the loss; she was in a place of danger by accident, and not blamably; the loss sustained by the schooner was not occasioned by any tort of the steamer, but being incurred on the demand of the captain of the steamer, and for her safety, her owners are equitably bound to bear a portion of the loss. Held, that the schooner was also interested in taking the measure of her own protection against probable injury to herself in having the steamer press-

ed upon her in that manner. Ordered, that the respondents be charged with a moiety of the value of the anchor and cable, and actual expenses of dragging and searching for it; costs also to be imposed on respondents, because they refused making any compensation. References to ascertain value and expenses.